# CRIMINAL COMPLAINT
(Electronically Submitted)

| United States District Court | DISTRICT of ARIZONA |
|---|---|
| United States of America<br>v.<br>**Edward Jermaine Allen**<br>DOB: 1992; United States Citizen | DOCKET NO.<br><br>MAGISTRATE'S CASE NO.<br>25-3109MJ |

Complaint for violations of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8); Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); and Title 18, United States Code, Section 924(c)(1)(A)(i)

**COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION:**

**COUNT 1**: On or about September 15, 2025, at or near Tucson, in the District of Arizona, **Edward Jermaine Allen**, knowingly having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess firearms, that is, one (1) Taurus 9G2C 9mm semi-automatic pistol and one (1) Bersa – Thunder .380 semi-automatic pistol; said firearms being in and affecting commerce in that they were previously transported into the state of Arizona from another state or foreign country; all in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

**COUNT 2**: On or about September 15, 2025, at or near Tucson, in the District of Arizona, **Edward Jermaine Allen**, did knowingly and intentionally possess with intent to distribute a quantity of methamphetamine, or a quantity of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance; all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

**COUNT 3:** On or about September 15, 2025, at or near Tucson, in the District of Arizona, **Edward Jermaine Allen**, did knowingly and intentionally possess with intent to distribute a quantity of fentanyl, or a quantity of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance; all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

**COUNT 4:** On or about September 15, 2025, at or near Tucson, in the District of Arizona, **Edward Jermaine Allen**, did knowingly use a firearm, during and in relation to a drug trafficking crime, and did possess a firearm in furtherance of a drug trafficking crime, that is, Possession with Intent to Distribute Methamphetamine and Fentanyl, as alleged in Counts 2-3 of this complaint, a felony crime prosecutable in a Court of the United States; all in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

**BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:**
On or about September 15, 2025, Tucson Police Department (TPD) Officers were in the area of Speedway and Rosemont, Tucson, Arizona, conducting proactive patrol in a high crime area. An officer conducted a traffic stop on a maroon Chevy Impala for civil traffic law infractions. The Impala did not stop right away, and the final stop/contact was conducted at 4th Street and Rosemont. Officers made contact with the female driver and owner of the vehicle as well as the front seat passenger identified as **Edward Jermaine ALLEN**. The officer asked if there were any weapons **(BASIS OF COMPLAINT CONTINUED ON REVERSE.)**

MATERIAL WITNESSES IN RELATION TO THE CHARGE: N/A

| DETENTION REQUESTED<br>Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge. | SIGNATURE OF COMPLAINANT<br>*EddyHarper* |
|---|---|
| AUTHORIZED BY AUSA *R. Arellano*  *Raquel Arellano* Digitally signed by RAQUEL ARELLANO Date: 2025.09.22 09:10:32 -07'00' | OFFICIAL TITLE<br>FBI TFO/TPD Detective Edward Harper |
| Sworn by telephone __x__ | |
| SIGNATURE OF MAGISTRATE JUDGE[1] | DATE<br>September 22, 2025 |

[1] See Federal Rules of Criminal Procedure Rules 3, 4.1, and 54

**(BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED CONTINUED.)**

in the vehicle and both replied that there were not. The officer was familiar with the couple's criminal history and while speaking with **ALLEN**, the officer noted that **ALLEN** was displaying nervous behavior. The officer noticed that **ALLEN** was wearing a crossbody bag that appeared to be full. The officer suspected that per his training and experience, the crossbody bag along with other items in plain view in the vehicle (screw top containers) were consistent with narcotic use/sales. The officer asked **ALLEN** to step out of the vehicle so that he could keep a better visual on him during the duration of the traffic stop and further speak to him about why he was displaying nervous behavior. **ALLEN** agreed without argument and stepped out of the vehicle. As the door opened, the officer immediately observed the handle of a revolver sticking out from under the front passenger seat where **ALLEN** had been seated. The officer asked, "is that a gun?" and **ALLEN** immediately began to run on foot, away from the traffic stop. Officers gave chase and ordered **ALLEN** to stop running and get on the ground, but **ALLEN** did not comply.

The officers caught up to **ALLEN** after pursuing him for approximately 75 yards. A struggle ensued and **ALLEN** was ultimately detained and walked back to the stop location. **ALLEN** was placed under arrest due to being a prohibited possessor, he was placed under arrest. Both he and the vehicle were searched incident to arrest. Officers located two firearms under the front passenger seat (Taurus 9G2C 9mm semi-automatic pistol and a Rossi .375 revolver) and a Bersa – Thunder .380 semi-automatic pistol under the driver's seat. Officers also found a medium baggie of blue M-30 pills in pink tin. In the black crossbody bag **ALLEN** was wearing, officers located the following: one large baggie of blue M-30 pills, one medium baggie of methamphetamine, multiple small unused baggies, a digital scale, additional unknown prescription pills, miscellaneous handgun ammunition, straws with burnt ends and residue. The total weight of the drugs was: 122.14 grams of blue M-30 fentanyl pills and 7.083 grams of methamphetamine which all tested positive.

In **ALLEN's** pant pockets officers located two blue M-30 pills, a broken pipe with residue and $46 in currency. **ALLEN** made statements that all the firearms in the vehicle belonged to him. **ALLEN** also admitted that he knew he was a prohibited possessor and that was the reason he ran from the officers. The female driver was questioned about the firearms and denied knowledge and ownership. She stated that **ALLEN** had requested that she place the M-30 pills along with a scale in the pink tin found in the car. She was charged with possession of narcotic paraphernalia and released at the scene. The drugs tested positive.

A law enforcement records check was conducted on **Edward Jermaine ALLEN** which revealed the following prior convictions in the Pima County Arizona Superior Court: Threats and Intimidation and Burglary 2nd Degree dated November, 2012 in case number CR20111388003 for which he was sentenced to 3 years prison per conviction; and Possession of a Weapon by a Prohibited Person in September, 2023 in case number CR20230548-001 for which he was sentenced to 2.5 years prison. These felony offenses are punishable by imprisonment greater than one year. **ALLEN** has not had his civil right to possess firearms restored.

An ATF interstate nexus expert performed a preliminary interstate nexus determination and determined that the Taurus 9G2C 9mm semi-automatic pistol and the Bersa – Thunder .380 semi-automatic pistol found in the vehicle **Edward Jermaine ALLEN** was riding in were not manufactured in the state of Arizona and thus traveled in interstate and/or foreign commerce.